IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HELEN GISLAINE NADEGE SOPPE MBANG, A 98 393 924 | * | |
| Petitioner, | * | |
| v. | * | CIVIL ACTION NO. WDQ-07-2315 |
| SUPERINTENDENT JOHN DOBRE | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM

This counseled 28 U.S.C. § 2241 Petition for habeas corpus relief was filed on August 31, 2007.[1] The following information is abstracted from the Petition. On March 20, 2006, an immigration judge in Arlington, Virginia ordered Petitioner's removal to Cameroon and alternatively granted her application for voluntary departure until May 19, 2006. Paper No. 1 at Ex. 2. A counseled motion to reopen the immigration matter was filed on or about April 18, 2006, and denied by an immigration judge on May 5, 2006. *Id*., Exs. 4 & 5. The Board of Immigration Appeals dismissed the appeal on January 16, 2007. *Id*., Ex 6.

According to Petitioner, on July 24, 2007, she was taken into Department of Homeland Security, Bureau of Customs Enforcement ("ICE") custody after appearing for a *pro se* interview regarding a pending I-130 petition at the Baltimore, Maryland District Office of the Bureau of Citizenship and Immigration Services. Paper No. 1 at 1. She was transferred that same date to the Broward Transition Center in Deerfield Beach, Florida. *Id*.

According to Petitioner she has attempted to comply with the immigration court order to voluntarily depart the United States, but has experienced difficulties through no fault of her own (inability to obtain a replacement Cameroonian passport). *Id*. at 2. She seeks court review of the

---

[1] The $5.00 habeas filing fee did not accompany the Petition.

matter under its § 2241 jurisdiction.    For reasons to follow, injunctive relief shall be denied and the Petition shall be dismissed.

It is well-settled law that personal jurisdiction over a § 2241 petition lies in the federal district court whose territorial limits include the place of a petitioner's confinement or where a petitioner's custodian is located.  *See United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447, 451 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 496 (1973) (§ 2241 petitions typically heard by court having jurisdiction over petitioner's custodian).  Generally, the custodian is the person having the day-to-day control over the detainee.  *See Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986).

Petitioner is housed in an ICE detention facility in Broward County, Florida.  Any § 2241 challenge to her removal and detention must be raised in the district court that has jurisdiction over her custodian, Superintendent John Dobre of the Broward Transition Center in Deerfield, Florida. Personal jurisdiction at this time lies in Florida, not in Maryland.[2]  Accordingly, Petitioner's removal shall not be stayed.  This § 2241 Petition shall be dismissed without prejudice for lack of personal jurisdiction.[3]   A separate Order follows.

Date:  <u>September 6, 2007</u>                                         <u>        /s/                                         </u>
                                                                                        William D. Quarles, Jr.
                                                                                        United States District Judge

---

[2]   The United States District Court for the Southern District of Florida would have personal jurisdiction over the Superintendent of the Broward Transition Center under § 2241.

[3]   The Court offers no opinion as to whether federal district courts are divested of subject matter jurisdiction over challenges to final order of removal.  It observes, however, that  § 106(a)(1)(B) of the Real ID Act of 2005 ("RIDA") modifies the route aliens must take to seek judicial review of an order of removal and makes the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal.  *See Malm v. Gonzales*, 151 Fed. Appx. 252, 255-256 (4th Cir. 2005).